**Not For Publication**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER AND STEPHANIE NEWSOM,<br><br>       Plaintiffs,<br><br>  v.<br><br>COUNTRYWIDE HOME LOANS INC., et al.,<br><br>       Defendants.<br>_____/ | No. C-09-5288 SBA (NJV)<br><br>**ORDER REQUIRING FURTHER BRIEFING RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

The district court has referred Plaintiffs' motion for default judgment for a report and recommendation to the undersigned. *See* Doc. No. 96. The Court has reviewed Plaintiffs' moving papers and numerous documents in the file, and requires additional briefing on certain issues. No later than May 10, 2012, Plaintiffs are ordered to file a supplemental brief in support of their motion for default judgment providing the following information:

1. Plaintiffs ask the Court to deem the allegations of the Fourth Amended Complaint admitted upon default by these two defendants, however, it is not clear that either defendant has been served properly with that complaint.

    (a)    A summons was issued for Julie Whiteside on December 8, 2010 (Doc. No. 67), and she was served personally with a copy of the Second Amended Complaint January 20, 2011 (Doc. No. 76-1). The operative complaint at that time, however, was the Fourth Amended Complaint, which had been filed on August 30, 2010 (Doc. No. 59). Plaintiffs served Whiteside with a copy of the Fourth Amended Complaint by Federal Express on March 18, 2011 (Doc. No. 74). Plaintiffs are to provide authority establishing that service by Federal Express on a defendant who has not appeared in the action is adequate for purposes of securing default judgment.

(b) The district court authorized substituted service on defendant Banker's Alliance Inc. (Doc. No. 47), and Plaintiffs served Banker's Alliance "with all documents filed with the court" on March 18, 2011 (Doc. No. 77). In reviewing the attached proof of service, however, the Court does not find any reference to the Fourth Amended Complaint. Plaintiffs are to file a proof of service demonstrating that they caused the Fourth Amended Complaint to be served on Banker's Alliance.

2. Assuming Whiteside and Banker's Alliance were properly served with the Fourth Amended Complaint, all factual allegations in the complaint are taken as true upon default, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group*, 599 F.2d 557, 560 (9th Cir. 1977)). In their motion for default judgment, however, Plaintiffs fail to prove up the requested damages.

(a) Plaintiffs seek $41,000 to compensate them for the prepayment penalty they paid to refinance their prior mortgage(s) (Doc. No. 95, ¶ 3) in May 2006. Plaintiffs reference this prepayment penalty in paragraph 12 of the Fourth Amended Complaint, and in a document entitled "Whiteside Refinances" that they attach as Exhibit A to their Fourth Amended Complaint. Plaintiffs do not mention this penalty in connection with any of their remaining legal claims. While Plaintiffs mentioned the prepayment penalty in passing in their Unfair Competition Law claim (Doc. No. 59, ¶ 91), they voluntarily dismissed this portion of their complaint (Doc. No. 88). Plaintiffs are to identify where in the Fourth Amended Complaint they allege that Whiteside or Banker's Alliance are liable for this amount. Plaintiffs also are to identify the theory of recovery under which they hold either Whiteside or Bankers' Alliance liable for the prepayment penalty imposed by a prior lender. In other words, Plaintiffs must show how the Fourth Amended Complaint states a claim against Whiteside or Banker's Alliance involving the prepayment penalty.

(b) Plaintiffs seek $63,939.12 in compensation for the amount they paid in closing costs on their "no charge, no cost loan." Doc. No. 95, ¶ 3. Plaintiffs reference this figure in paragraph 19 of the Fourth Amended Complaint and attach their final consolidated closing statement as Exhibit E thereto. The final consolidated closing statement reveals that Plaintiffs were assessed approximately $47,000 in "items payable in connection" with their first loan, including $37,187 in broker points, $8,062.50 as "discount points" they paid for a .375% reduction in their interest rate, and miscellaneous other fees. The statement also shows that they were charged $4,221 for twelve

days of interest to be paid in advance, $3,783 in title insurance, and $89 in government recording fees. In connection with their second loan, Plaintiffs paid $1,696.44 for twelve days of interest and $5,375 for a mortgage broker fee. Plaintiffs complain that Whiteside promised them a "no charge, no cost loan" and "specifically told" Plaintiffs that they would not be charged any broker fees. Doc. No. 59, ¶ 24. The $63,939 Plaintiffs seek to recover in their motion for default judgment, however, appears to include not only the broker points and fees (totaling $41,408) but also items such as prepaid interest and title insurance. Plaintiffs are to clarify which of these fees and charges they seek to recover in this action, and under what theory of liability.

(c) Plaintiffs also seek to recoup $89,045.94 in "interest over and above the interest promised" by Whiteside. Doc. No. 95, ¶ 3. Plaintiffs calculate their damages on their first mortgage based on a 2.75% difference in interest rates. *Id*. But, according to the Fourth Amended Complaint, they expected to pay 6% on their first mortgage and ended up paying 6.75%. Doc. No. 59 at ¶¶ 26 & 27. The "interest over and above the interest promised" by Whiteside therefore was 0.75%, not 2.75%. It appears that Plaintiffs may be trying to claim the difference between their 6.75% loan and the 4% loan they attempted to obtain from First Federal Bank of California (*id*., ¶¶ 32, 35), but their papers are far from clear on this point. If Plaintiffs are attempting to collect the difference between the 4% loan they did not obtain, Plaintiffs are to identify the portions of the Fourth Amended Complaint where they allege that defendants Whiteside and Banker's Alliance had any connection to their inability to obtain this 4% loan and are liable for such damages. Plaintiffs are to clarify what method they used to calculate the interest, and to set out their calculations in a manner that allows the Court to verify them. Specifically, Plaintiffs should set out the amounts they would have paid each month under the promised rates, and the amounts they paid under the higher rates.

3. Plaintiffs dismissed a number of defendants with prejudice, including Countrywide. If Plaintiffs obtained any recovery from Countrywide, the Court is concerned that Plaintiffs may be attempting to obtain a double recovery by proceeding in default against Whiteside and Banker's

//

//

Alliance. Plaintiffs should address this issue in their supplemental brief.

    4. The Court notes that Plaintiffs have not served Whiteside or Banker's Alliance with either their request for entry of default or their motion for default judgment. Plaintiffs should explain whether they have had any contact with these defendants since the filing of the action, and whether these defendants have informally appeared in the action such that notice of this motion was required under Federal Rule of Civil Procedure 55(b).

**IT IS SO ORDERED**.

Dated: May 1, 2012

Nandor J. Vadas
United States Magistrate Judge

4