**Not For Publication**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER NEWSOM AND STEPHANIE NEWSOM,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>  Defendants. | No. C-09-5288 SBA (NJV)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**<br><br>(Doc. No. 95) |

**INTRODUCTION**

Plaintiffs Peter and Stephanie Newsom ask the district court to enter default judgment against defendants Julie Whiteside and Bankers' Alliance ("Defendants"). Doc. No. 95. Plaintiffs allege that Defendants defrauded them and violated their fiduciary duty in the course of refinancing Plaintiffs' mortgages.[1] Whiteside, a mortgage broker, promised Plaintiffs that she would obtain for them a "no cost, no charge" refinance at specific interest rates. Instead, on the day Plaintiffs were due to sign the new loan documents, Whiteside informed them that the interest rates would be materially higher. She told Plaintiffs not to worry about the rate increase because they could refinance in a few months. Plaintiffs signed the loan documents. They were unable to refinance in a few months, and filed this action.

The district court referred Plaintiffs' motion for default judgment to the undersigned for a report and recommendation. Doc. No. 96. After requesting further briefing on the issues of service, liability, and damages, the court heard oral argument on June 5, 2012. For the reasons stated below the undersigned recommends that (1) Plaintiffs' application for default judgment be denied, and (2)

---

[1] The district court has set out the factual background of this action in extensive detail in its orders on several motions to dismiss (Doc. Nos. 36, 66), and that background is summarized only as relevant here.

1  that the district court issue an order to show cause why the claims against Whiteside and Bankers'
2  Alliance should not be dismissed.

3  **PROCEDURAL BACKGROUND**

4  Plaintiffs filed their original complaint in California Superior Court on July 10, 2009, naming
5  their lender (Countrywide), their mortgage broker (Bankers' Alliance), and a number of Doe
6  defendants. Doc. No. 1 at 11-24. Plaintiffs did not serve the complaint on any defendant. On
7  September 9, 2009, Plaintiffs filed an amended complaint adding as defendants their title company,
8  a debt collector, and John Whiteside. *Id*. at 30-44. Although John Whiteside was listed as a
9  defendant on the caption, and identified as the agent for service of process for Bankers' Alliance in
10 the recitals of the FAC, Plaintiffs did not make any other factual allegations about him or assert any
11 claims against him. *Id*. Countrywide removed the action to the Northern District of California on
12 November 6, 2009, and stipulated to the filing of a Second Amended Complaint ("SAC"). Doc.
13 Nos. 1, 12, 13.

14 Plaintiffs filed the SAC on January 1, 2010, naming Countrywide, Bankers' Alliance,
15 Mortgage Electronic Registration Systems, Inc. ("MERS"), and Julie Whiteside ("Whiteside").
16 Doc. No. 13. Countrywide moved to dismiss the action. Doc. No. 24. In its May 19, 2010 order
17 granting in part that motion to dismiss, the district court noted that "Only Countrywide has been
18 served with the SAC." Doc. No. 36. The district court dismissed a number of claims, some without
19 leave to amend. *Id*. Plaintiffs filed their Third Amended Complaint on May 26, 2010. Doc. No. 38.

21 After obtaining leave of court to do so, Plaintiffs filed their Fourth Amended Complaint
22 ("Operative Complaint") on August 30, 2010. Doc. No. 59. The Operative Complaint includes the
23 same claims against Whiteside and Bankers' Alliance that were included in the SAC.

24 On December 8, 2010, Plaintiffs obtained a summons for Whiteside. Doc. No. 67. On
25 January 20, 2011, Plaintiffs for the first time served Whiteside with process in this action. Doc. No.
26 76. They personally delivered a summons to Whiteside, but attached a copy of the SAC rather than
27 a copy of the Operative Complaint. *Id*. Plaintiffs sent Whiteside a copy of the Operative Complaint
28 by Federal Express on March 18, 2011. Doc. No. 74.

United States District Court

For the Northern District of California

1  After Plaintiffs were unable to serve Bankers' Alliance beginning in March 2010, they
2 moved the district court for substituted service, and the district court granted that motion on June 24,
3 2010. Doc. Nos. 34, 34-2 (Affidavit of Diligence showing that service was first attempted on March
4 29, 2010), 47. Although Plaintiffs represent in their request to enter default that they served
5 Bankers' Alliance by substituted service on March 18, 2011, the declaration provided by the process
6 server states service was accomplished on September 16, 2010. *Compare* Doc. No. 77-1
7 (Declaration of Service), *with* Doc. No. 77 (representing in request to enter default that Plaintiffs
8 served Bankers' Alliance on March 18, 2011). The Court notes that this is only one of the many
9 typos and/or inconsistencies in Plaintiffs' papers. Instead of serving a copy of the Operative
10 Complaint, they only included a copy of the SAC. *Id.* Plaintiffs never served Bankers' Alliance
11 with a copy of the Operative Complaint.

12  Bankers' Alliance and Whiteside failed to respond to the action. In his supplemental brief
13 and at the hearing, Plaintiffs' counsel represented that Whiteside was aware of the claims pending
14 against her and appeared for a deposition "as a party" in or around August 2011, and that counsel for
15 Bankers' Alliance made a settlement offer that Plaintiffs rejected. Plaintiffs obtained entry of
16 default against both defendants and now move for default judgment. *See* Doc. Nos. 79, 83, 95.

17  **DISCUSSION**

18  After entry of default, the court may enter a default judgment. Fed. R. Civ. Proc. 55(b). The
19 decision to grant or deny a default judgment is within the court's discretion. *Alan Neuman Prods.,*
20 *Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). "As a preliminary matter, the court must
21 [first] assess the adequacy of the service of process on the party against whom default is requested."
22 *Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, 2000 U.S. Dist. LEXIS 19065, *2
23 (N.D. Cal. Jan. 2, 2001).

24  Having reviewed the proofs of service Plaintiffs referenced in support of their motion for
25 default judgment, the undersigned ordered further briefing requiring Plaintiffs to demonstrate that
26 service had been adequate. *See* Doc. No. 98. In their supplemental brief, Plaintiffs acknowledge
27 that they did not serve either Bankers' Alliance or Whiteside with a copy of the Operative
28 Complaint when they served Defendants with a summons. Doc. No. 101 at 2. As noted above,
Plaintiffs instead served a copy of the superseded SAC. Citing Federal Rule of Civil Procedure

3

1 5(a)(2), Plaintiffs argue that they were not required to serve a copy of any subsequent pleadings on
2 Defendants because default already had been entered against them and the Operative Complaint did
3 not assert any new claims against them. Doc. No. 101 at 2.

4 The undersigned finds that service was not sufficient for several reasons:

5 First, service on both Whiteside and Bankers' Alliance was ineffective because the summons
6 was not served with a copy of the *operative* complaint: "'the currently effective complaint must
7 accompany summons; *i.e.*, if the original complaint has been superseded by an amended complaint,
8 service is ineffective if the original (rather than the amended) complaint is served.'" *Patel v.*
9 *Dameron Hosp.*, 2000 U.S. Dist. LEXIS 22928, *10 (E.D. Cal. June 23, 2000) (quoting W.
10 Schwarzer, *et al.*, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 5:166 (2010)); *see also* 1-4
11 MOORE'S FEDERAL PRACTICE CIVIL § 4.50[1] (2012) ("If a complaint has properly been amended,
12 service of a summons and only the original complaint is invalid"). Plaintiffs' conduct here is
13 particularly egregious, as they attached not only a copy of a complaint that had been superseded –
14 twice – but one that had been in significant part dismissed by the district court. The only
15 justification Plaintiffs' counsel offered at oral argument for serving the superseded complaint was
16 that the oversight was due to clerical error. Plaintiffs' attempt to serve Defendants is not in
17 "substantial compliance" with Federal Rule of Civil Procedure 4(d). *See Daly-Murphy v. Winston*,
18 837 F.2d 348, 355 (9th Cir. 1987); *see also Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.
19 1982) (unless there is "substantial compliance" with Rule 4, even actual notice of the action does not
20 establish personal jurisdiction over defendant).[2]

21 Second, Federal Rule of Civil Procedure 5(a)(2) does not excuse Plaintiffs' failure to serve
22 the Operative Complaint. Rule 5(a)(2) provides that "No service is required on a party who is in
23 default for failing to appear" as long as no new claims are asserted against that party. If Defendants
24 had been in default when Plaintiffs filed the Operative Complaint, then Plaintiffs would not have
25 been required to serve Defendants with a copy of that complaint. Contrary to Plaintiffs'

---

[2] A party can establish substantial compliance by demonstrating that (1) the party to be served personally received actual notice; (2) the defendant would suffer no prejudice from the defect in service; (3) there is a justifiable excuse for failing to serve properly; and (4) the plaintiff would be severely prejudiced if the complaint were dismissed. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). Plaintiffs were unable to offer any justifiable excuse for failing to serve Defendants properly.

1 representations in their supplemental brief, however, neither defendant was in default when
2 Plaintiffs filed the Operative Complaint. In fact, Defendants could not have been in default at that
3 time because they were not served with any type of process until after the Operative Complaint was
4 filed. The Operative Complaint was filed on August 30, 2010. Doc. No. 59. Plaintiffs did not serve
5 Whiteside with a summons until January 2011, or Bankers' Alliance with a summons until
6 September 16, 2010 (or March 18, 2011). *See* Doc. Nos. 76, 77 & 77-1. Because neither defendant
7 was in default when the Operative Complaint was filed, Rule 5(a)(2) did not apply.

Finally, Plaintiffs have failed to serve Defendants within the time required by Federal Rule of Civil Procedure 4(m). Plaintiffs first named Bankers' Alliance as a defendant on July 10, 2009, the action was removed on November 6, 2009, and they first named Whiteside as a defendant on January 11, 2010. Plaintiffs at the earliest served Bankers' Alliance with a summons on September 16, 2010. Plaintiffs did not serve Whiteside with a summons until January 20, 2011. Even if Plaintiffs' failure to attach a copy of the Operative Complaint to the summons was not fatally defective, Plaintiffs failed to serve Defendants with a summons within the 120-day period set forth in Rule 4(m). They missed the deadline by many months. Plaintiffs never applied for an extension of time in which to serve Defendants and still have not adequately served them.

Plaintiffs ask the Court to find that their attempts to serve Defendants "satisf[y] the spirit" of Federal Rules of Civil Procedure 5(a)(2) and 55. Doc. No. 101 at 2. Plaintiffs have not satisfied the spirit, much less the letter, of any of the Federal Rules governing service in this case. Moreover, because default judgments are generally disfavored, "strict compliance with the legal prerequisites establishing the court's power to render judgment" is required. *Bricklayers and Allied Craftworkers Local Union No. 3 v. Palomino*, 2010 U.S. Dist. LEXIS 59095, *8 (N.D. Cal. June 2, 2010); *see also Eitel v. McCook*, 782 F.2d 1470, 1472 (9th Cir. 1986) (the Federal Rules embody a "strong policy" for deciding on merits whenever possible).

For these reasons, the undersigned finds that service was not adequate to secure personal jurisdiction as to Whiteside and Bankers' Alliance.

## RECOMMENDATION

Plaintiffs failed to attempt service on Whiteside and Bankers' Alliance until far more than 120 days after each defendant had been named in a complaint. When they finally did attempt

5

service, they served Defendants with a summons and a copy of a complaint that had twice been superseded. Federal Rule of Civil Procedure 5(a)(2) did not excuse Plaintiffs' failure to serve a copy of the Operative Complaint with the summons because Defendants were not in default when that complaint was filed. Because Plaintiffs did not "substantially comply" with the requirements of Federal Rule of Civil Procedure 4 for accomplishing service on Defendants, the district court lacks personal jurisdiction over them.

The undersigned recommends that the district court deny the motion for default judgment as to defendants Julie Whiteside and Bankers' Alliance, and that the district court issue an Order to Show Cause why the case against Defendants should not be dismissed without prejudice. Fed. R. Civ. Proc. 4(m).

Any party may file objections to this report and recommendation with the district court within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. Proc. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's order.

Dated: June 6, 2012

Nandor J. Vadas
United States Magistrate Judge