UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER NEWSOM, *et al.*<br><br>Plaintiffs<br><br>v.<br><br>BANKERS ALLIANCE INC., *et al.*<br><br>Defendants | Case No.: 4:09-cv-05288-SBA  (NJV)<br><br>**ORDER REQUIRING FURTHER BRIEFING ON PLAINTIFFS' SECOND MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No.: 121. |

Plaintiffs Peter and Stephanie Newsom have filed a second motion for default judgment against defendants Julie Whiteside and Bankers' Alliance, which the district court referred to the undersigned.  Doc. Nos. 121 & 122   On January 17, 2013, Julie Whiteside filed an opposition to Plaintiffs' motion for default judgment.  Doc. No. 130.[1]  A hearing on Plaintiffs' motion has been set for February 26, 2013.

In anticipation of the hearing, the undersigned orders the parties to file the following declarations, under oath, on or before February 5, 2013:

Julie Whiteside shall address the following issues:

1. The date, location, manner and detailed content of all of her communications with any attorney who has represented Plaintiffs.

2. The address(es) at which she has resided or received mail since 2009.

3. Her relationship, if any, with Jamie Pantuso and/or the residence located at 2762

---

[1] Whiteside's motion is procedurally improper, since entry of default has cut off Whiteside's right to appear in the action.  *See* Doc. No. 129 (Order Striking Defendant Whiteside's Motion To Dismiss and instructing her to file a motion to set aside entry of default).  The undersigned construes Whiteside's opposition to the motion for default judgment as a motion to set aside default.

Filbert Street in San Francisco.

4. How she learned that she was still a participant in this lawsuit in time to file her opposition to the motion for default judgment (Doc. No. 130).

5. Any prejudice she would suffer if the district court were to allow the case to proceed against her at this time.

Plaintiffs' counsel, Michael Rooney, shall address the following issues:

1.  Why he failed to attempt serve Whiteside within the thirty-day time frame ordered by the district court in its September 5, 2012 order. *Compare* Doc. No. 109, *with* Doc. No. 114.

2. How he determined that Whiteside should be served at 2762 Filbert Street in San Francisco rather than at the address at which he had previously successfully served Whiteside (1212 Stearns St. in Los Angeles). *See* Doc. 131; *see also* Doc. No. 121, Ex. 10.  Counsel should address why he believed that "Joanne M. Whiteside" was, in fact, Julie Whiteside and why Mr. Pantuso was Ms. Whiteside's brother-in-law.  In particular, counsel should explain how he determined service there was proper given Mr. Pantuso's representation to the process server on October 22, 2012, that he had "never heard of [Whiteside] before." Doc. No.  121, Ex. 10.

3. The date, location, manner and content of all of his communications with Whiteside, including any representations by Whiteside that she would not defend the action.

4. How counsel determined that Whiteside "understood the case was pending against her" when he deposed her.  Doc. No. 101.

5. The factual basis for his representation to the district court that "Whiteside could not be found for the majority of this case, despite all good faith efforts by counsel to do so. Julie Whiteside had moved several times." Doc. No. 106.

6. How counsel calculates Plaintiffs' damages ($193,985.06), identifying each category of damage and setting out the calculation of each category.  The undersigned notes that this is the identical amount Plaintiffs requested in their first motion for default judgment, and subsequently revised after this court ordered further briefing on the issue

2

of damages.  *Compare* Doc. No. 95 at 3 (seeking $63,939 in closing costs), *with* Doc. No. 41 at (seeking $41,408 in closing costs).

IT IS SO ORDERED.

Dated: January 22, 2013

                                                Nandor J. Vadas
                                                United States Magistrate Judge