UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER NEWSOM, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BANKERS ALLIANCE INC., et al.,<br><br>　　　　Defendants. | Case No.  09-cv-05288-SBA (NJV)<br><br>**ORDER RE MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Re: Dkt. No. 159 |

On February 28, 2013, the undersigned recommended that the district court deny Plaintiffs' motion for default judgment, and grant defendant Whiteside's motion to set aside entry of default.  *See* Doc. No. 148.  On March 5, 2013, while the Report and Recommendation was under submission before the district court, Plaintiffs finally served Whiteside with a summons and a copy of the operative complaint.[1]  Doc. No. 151.  On March 21, 2013, the district court adopted the undersigned's Report and Recommendation, denied Plaintiffs' motion for default judgment and granted Whiteside's motion to set aside entry of default.  Doc. No. 152.  On March 26, 2013, twenty-one days after Whiteside was served, when Whiteside did not respond to the complaint, Plaintiffs moved to enter default against her.  Doc. No. 155.  Default was entered on March 28, 2013.  Doc. No. 157.  Whiteside moved to set aside the entry of default on April 4, 2013, arguing that she was representing herself and believed she had additional time to respond to the complaint.  Doc. No. 159.  The district court referred Whiteside's motion to set aside entry of default to the undersigned.  Doc. No. 160.

---

[1] The extensive procedural history and factual background of this case are addressed at length in the undersigned's prior Reports and Recommendations recommending that the district court deny Plaintiffs' motions for default judgment.  *See* Doc. Nos. 103, 148.

Plaintiffs' opposition to the motion to set aside entry of default, if they file one rather than stipulate to setting aside the default, is due on April 18, 2013.  In their opposition, Plaintiffs should address the following procedural issues:

1. When did Whiteside's time for responding to the complaint begin to run?  Given that the district court did not vacate entry of default against Whiteside until March 21, 2013, could Whiteside technically respond to the complaint before then?  Entry of default cuts off a party's right to appear or defend the action by any means except filing a motion to set aside the entry of default.  *See Newsom*, 2013 U.S. Dist. LEXIS 7381 (N.D. Cal. Jan. 16, 2013) (striking Whiteside's motion to dismiss because default had been entered against her).  Had Whiteside responded, would her response not have been struck, again?

2. Given (a) Whiteside's demonstrated intent to respond to the complaint and defend herself in this action, (b) the Ninth Circuit's "oft stated commitment to deciding cases on the merits whenever possible" (*United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)), and (c) the fact that the three-year delay in this action is attributable to Plaintiffs' failure to serve Whiteside until last month, how is there not good cause to set aside entry of default in this case?

**IT IS SO ORDERED**.

Dated:  April 11, 2013

_____
Nandor J. Vadas
United States Magistrate Judge

2