UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER NEWSOM, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BANKERS ALLIANCE INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 09-cv-05288-SBA (NJV)<br><br>**REPORT AND RECOMMENDATION RE MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Re: Dkt. No. 159 |

　　　　The district court referred defendant Julie Whiteside's motion to set aside entry of default to the undersigned. Doc. No. 160. The undersigned ordered plaintiffs Peter and Stephanie Newsom to address two issues in their opposition to the motion to set aside entry of default. Doc. No. 161. Plaintiffs' opposition to the motion was due on April 18, 2013. *Id*. As of the date of this report and recommendation, Plaintiffs have not opposed the motion to set aside entry of default. The undersigned thus takes the matter under submission without oral argument (*see* Civil L.R. 7-1(b)), and no further briefing is necessary. For the reasons stated below, the undersigned recommends that the district court grant Whiteside's unopposed motion to set aside entry of default.

　　　　The undersigned concludes that there is good cause to set aside the default entered against Whiteside. *See* Fed. R. Civ. P. 55(c); *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001). To determine whether "good cause" exists to set aside entry of default, courts consider three factors: (1) whether reopening the default would prejudice the plaintiff; (2) whether the defendant's culpable conduct led to the default; and (3) whether the defendant had a meritorious defense. *See Mesle*, 615. F.3d at 1091. The undersigned already applied these three

factors to Whiteside's prior default (Doc. No. 148), and concludes that the three factors continue to weigh in Whiteside's favor.  First, reopening the case would not prejudice Plaintiffs.  This is especially true given that (a) the three-year delay in this case is attributable to Plaintiffs' failure to serve Whiteside effectively, and (b) in this instance, Plaintiffs moved to enter default *one day* after Whiteside's response to the complaint was due.  *See* Doc. No. 161.  Second, although Whiteside's conduct led to the default, she explained that she is appearing *pro se* and thought she had more time to respond to the complaint.  Doc. No. 159.  "[I]t is clear that simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without demonstration that other equitable factors, such as prejudice, weigh heavily in favor of a denial of the motion to set aside a default."  *Mesle*, 615 F.3d at 1092-93.  Third, Whiteside has presented specific facts that, if true, would constitute a meritorious defense.  *See* Doc. No. 148 at 8-9 (Whiteside points to tangible prejudice that resulted from Plaintiffs' delayed service and contends that Plaintiffs knew that they were not receiving "no cost, no charge" loans and knew about the prepayment penalties of which they now complain).  The burden to demonstrate the existence of a meritorious defense "is not extraordinarily heavy."  *TCI*, 244 F.3d at 700.  Whiteside intends to appear in the action and defend the case.  Doc. No. 159.  For these reasons, which are more fully set out in Doc. No. 148, the undersigned concludes that there is good cause to set aside the entry of default and recommends that the district court grants Whiteside's motion to do so.

In addition, the undersigned recommends that the district court order the parties to strictly adhere to deadlines from this point forward.

Any party may file objections to this report and recommendation with the district court within fourteen (14) days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. Proc. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the court's order.

Dated: April 22, 2013

_____
NANDOR J. VADAS
United States Magistrate Judge