UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER NEWSOM, *et al.*,<br><br>     Plaintiffs,<br><br>  v.<br><br>BANKERS ALLIANCE INC., *et al.*,<br><br>     Defendants. | Case No.  09-cv-05288-SBA (NJV)<br><br>**ORDER VACATING HEARING ON MOTION TO DISMISS COMPLAINT; REPORT AND RECOMMENDATION ON MOTION TO DISMISS COMPLAINT**<br><br>Re: Doc. No. 168 |

## I.   INTRODUCTION

The district court referred defendant Julie Whiteside's motion to dismiss the complaint to the undersigned.  Doc. No. 172.  The undersigned finds the matter suitable for disposition without oral argument, and therefore vacates the hearing scheduled for September 10, 2013.  *See* N.D. Civ. L.R. 7-1(b).  For the reasons set forth below, the undersigned will recommend that Whiteside's motion to dismiss be denied.

## II.   RELEVANT PROCEDURAL HISTORY

This case has an extensive procedural history.  *See generally* Docs. Nos. 36, 66, 103.  In relevant part, Defendant Julie Whiteside was not named in this case until Plaintiffs filed their Second Amended Complaint in January 2010.  Doc. No. 13.  Plaintiffs did not obtain a summons for Whiteside until December 2010 (Doc. No. 67) and did not attempt to serve her until January 2011 (Doc. No. 76).  When Plaintiffs did serve Whiteside, they served her with a copy of the Second Amended Complaint and not the operative complaint (the Fourth Amended Complaint) (Doc. No. 59).  Plaintiffs provided Whiteside with a copy of the operative complaint in March 2011 (Doc. No. 76), but delivered the complaint to her by Federal Express instead of serving her

personally.

Plaintiffs first moved to enter default judgment against Whiteside in March 2012. Doc. Nos. 95; *see also* Doc. No. 96 (referring motion to undersigned). The undersigned recommended that the district court deny Plaintiffs' motion and issue an order to show cause why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Doc. No. 103. The district court adopted the report and recommendation, denied Plaintiffs' motion for default judgment, and issued an order for Plaintiffs to show cause why the case should not be dismissed. Doc. No. 105.

In their response to the court's order to show cause, Plaintiffs argued that Whiteside could not be found despite counsel's good faith efforts to do so because Whiteside had moved several times. Doc. No. 106, ¶ 4. Plaintiffs' counsel represented that he had spoken with Whiteside and that she did not have "the slightest inclination to defend" the lawsuit. *Id*., ¶ 6. The district court discharged the order to show cause and ordered Plaintiffs to serve Whiteside within thirty days. Doc. No. 109. Plaintiffs obtained another extension of time to accomplish service on Whiteside after counsel explained at the hearing that he delayed obtaining a new summons because he was unaware he needed to obtain a new summons. Doc. No. 112. Plaintiffs' representations are strenuously contested by Whiteside, and the undersigned is concerned that Plaintiffs knowingly or recklessly misrepresented certain facts to the court.

Plaintiffs then once again attempted to serve Whiteside. Their process server declared that he served Whiteside by substitute service on October 22, 2012 by delivering the summons and operative complaint to "Jamie Pantuso, Brother in Law" at a residence other than Whiteside's listed address of 1212 Stearns Drive. Doc. No. 114. The process server, for an unspecified reason, had concluded that Whiteside no longer resided at her listed address. Doc. No. 145 ¶ 14. Whiteside did not respond to the complaint, and Plaintiffs filed a second default motion against Whiteside, which the district court referred to the undersigned. Doc. Nos. 121 and 122. Whiteside filed an opposition to the motion for default judgment (Doc. No. 130) and a motion to set aside entry of default (Doc. No. 136), which the district court also referred to the undersigned. The undersigned recommended that Whiteside's default be vacated because Plaintiffs again had failed to serve Whiteside, as Plaintiffs' attempt to serve Whiteside by substitute service at

someone else's address was inadequate. Doc. No. 148 at 4-5. The district court accepted the report and recommendation, granted Whiteside's motion to set aside her entry of default, and denied Plaintiffs' motion for a default judgment against Whiteside. Doc. No. 152. The district court ordered Plaintiffs to serve Whiteside within 10 days, which Plaintiffs accomplished.

When Whiteside failed to respond to the complaint, Plaintiffs entered default against her. Whiteside promptly moved to set aside the default. This court recommended granting relief, and the district court adopted the report and recommendation. *See* Doc. Nos. 163 & 164.

Whiteside now moves to dismiss the complaint for inadequate service pursuant to Federal Rule of Civil Procedure Rule 12(b)(5). Doc. No. 168; *see also* Doc. No. 172 (referring motion to the undersigned). Whiteside alleges that Plaintiffs failed to reasonably and timely serve her, resulting in prejudice to her ability to defend the action. *Id.* at 1.

## III. DISCUSSION

"Rule 4(m) . . . requires a district court to grant an extension of time when the plaintiff shows good cause for the delay. . . . Additionally, the rule permits the district court to grant an extension even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (citing *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003)). Here, the district court discharged its order to show cause and extended the time for service, finding there was "good cause" for the delay. Doc. No. 109.

Whiteside moves to dismiss the complaint for insufficient service of process based on Plaintiffs' failure to serve the complaint within 120 days. *See* Fed. R. Civ. P. 12(b)(5). It is undisputed that Plaintiffs did not properly serve Whiteside until March 2013 (Doc. No. 151) despite naming Whiteside as a defendant in this action in January 2010 (Doc. No. 13). Plaintiffs argue that the district court already found good cause for their delay in service, that the district court granted them an extension of time in which to serve Whiteside, and that service was accomplished within the time given. *See* Doc. No. 176 at 6. Plaintiffs are correct that the district court already found good cause existed for the delay, and that Plaintiffs served Whiteside within the time allowed by the district court. Under these circumstances, the FAC cannot be dismissed under Rule 4(m). *See Henderson v. U.S.*, 517 U.S. 654, 663 (1996) ("The Federal Rules thus

3

1  convey a clear message: Complaints are not to be dismissed if served within 120 days, or within
2  such additional time as the court may allow").
3        Accordingly, the undersigned recommends that the district court deny the motion to
4  dismiss.
5        Any party may file objections to this report and recommendation with the district court
6  within fourteen (14) days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B) & (C);
7  Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3.  Failure to file objections within the specified time
8  may waive the right to appeal the court's order.

10  Dated: September 3, 2013

                                      NANDOR J. VADAS
                                      United States Magistrate Judge

4