UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| PETER NEWSOM, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BANKERS ALLIANCE INC., et al.,<br><br>    Defendants. | Case No. 09-cv-05288-SBA (NJV)<br><br>**ORDER SETTING EVIDENTIARY HEARING**<br><br>Re: Dkt. No. 189 |

Upon finding that plaintiffs Peter and Stephanie Newsom had failed to even attempt to serve defendant Julie Whiteside for more than a year after they named her in this action, the undersigned recommended that the district court issue an order to show cause why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). *See* Doc. No. 103. The district court issued that order to show cause. In their response to the district court's order to show cause, Plaintiffs' counsel represented that (1) "Whiteside could not be found for the majority of this case, despite all good faith efforts by counsel to do so. Julie Whiteside has moved several times"; and (2) Whiteside understood that the action was pending against her and did not "have the slightest inclination of defending it" . . . was "not concerned with the summons, the case, or a defense thereto." Doc. No. 106 at 2. These statements were not made on information and belief, but were presented as facts within the personal knowledge of Plaintiffs' attorney. *Id*. at 1 ("after investigating . . . I have learned the following"). The district court discharged the order to show cause and ordered Plaintiffs to serve defendant Julie Whiteside within thirty days. *See* Doc. No. 109 (September 5, 2012 order).

When Whiteside appeared in the action, she filed a motion to dismiss, an opposition to

1    Plaintiffs' motion for default judgment, and a motion to set aside entry of default. Doc. Nos. 125,
2    130, 144. In connection with these various filings, she declared that she had resided and received
3    mail at the same Los Angeles address since 2009; that Plaintiffs knew where she resided and had
4    served her at this address in November 2011; that she had spoken with Plaintiffs' counsel and that
5    he told her that he was pursuing a case against Countrywide; and, that she had not understood that
6    she was a party (as opposed to a witness). *See* Doc. Nos. 137 & 143. Plaintiffs' counsel accused
7    Whiteside of evading service and fabricating her conversation with him. *See* Doc. No. 141.
8        Whiteside again moved to dismiss the complaint for insufficient service of process based
9    on Plaintiffs' failure to serve her within 120 days of naming her in the second amended complaint.
10   Doc. No. 168. The district court referred the matter to the undersigned. Doc. No. 172. In his
11   report and recommendation to the district court, the undersigned noted that he was "concerned that
12   Plaintiffs knowingly or recklessly misrepresented certain facts to the court." *See* Doc. No. 182.
13   The district court re-referred the matter to the undersigned, for findings and recommendation as to
14   whether the district court should reconsider its prior decision discharging the order to show and
15   finding "good cause" to grant Plaintiffs an extension of time in which to serve Whiteside and
16   whether the district court should dismiss the action as to Whiteside on any basis. The district
17   court empowered the undersigned to order the submission of further briefing and to order the
18   parties to participate in an evidentiary hearing.
19       Accordingly, the undersigned will hold an evidentiary hearing on January 7, 2014, at 10:00
20   a.m. The parties shall appear in Courtroom D, 15th floor, 450 Golden Gate Avenue, San
21   Francisco, California.
22       Plaintiffs' counsel shall be prepared to address the following:
23   (1) Describe any efforts made to serve Julie Whiteside between January 1, 2010 (when
24   Plaintiffs first named her as a defendant in the action) and December 15, 2010.
25   (2) The declaration of Diane Kromer addresses the efforts Plaintiffs made to serve
26   Whiteside starting on December 15, 2010. *See* Doc. No. 145. Kromer's declaration
27   describes unsuccessful attempts to serve Whiteside in December 2010 at an address
28   Kromer or the process server found through a "Google Search consistent with the

address provided by Plaintiff Peter Newsom." *Id*., ¶ 3. On January 15, 2011, Plaintiffs obtained a skip trace report, which provided them with the Stearns Drive address for Whiteside in Los Angeles. Plaintiffs personally served Whiteside with a copy of the summons and superseded complaint at the Stearns Drive address on January 20, 2011. *Id*., ¶ 5. Kromer declares that a process server spoke to Whiteside's husband at the Stearns Drive address November 5, 2011 and learned that "she was out of town on business and return date unknown." *Id*., ¶ 9 & Ex. E. Whiteside appeared for a deposition in this case in November 2011. *Id*., ¶ 10. It does not appear that Plaintiffs attempted to serve Whiteside with any documents between November 2011 and September 2012. *Id*. On September 17, 2012, twelve days after the district court ordered them to serve Whiteside within 30 days or face dismissal, Plaintiffs obtained a new summons for Whiteside. *Id*., ¶ 13. On October 11, 2012, Plaintiffs' process server provided a Certificate of *Non Estes* stating that Whiteside no longer lived at the Stearns Drive address. *Id*., ¶ 14 & Ex. F. The Certificate of *Non Estes* does not describe the facts that led the process server to conclude that Whiteside no longer lived at that address. *See id*. No declaration of due diligence is attached. *Cf*. Doc. No. 145, Ex. G (declaration of due diligence re Santa Monica address). As summarized above, Whiteside has declared, under penalty of perjury, that she has resided at the Stearns Drive address since she was named in this action; Plaintiffs' only evidence supporting their declaration that Whiteside had moved is that their process server was unable to serve her at that address between September 17, 2012 and October 11, 2012. *Id*. Plaintiffs should be prepared to address the *factual basis* for their representations that Whiteside "could not be found for the majority of this case, despite all good faith efforts by counsel to do so" and that she had moved "several times." If Plaintiffs made these representations, under oath, solely on the basis of the statements of their process server, they should be prepared to address the specific representations their process server made to them regarding the process server's conclusion that Whiteside no longer lived at Stearns Drive. The emails Kromer attached to her declaration demonstrate that

3

1 Plaintiffs repeatedly inquired about the status of service, and urged the process server
2 to serve Whiteside, but they do not include substantive discussions regarding the
3 process server's attempts to serve Whiteside or the basis for the process server's
4 conclusion that Whiteside had moved.

5 (3) Plaintiffs should be prepared to describe how they came to the conclusion that
6 Whiteside had moved "several times" since the beginning of the action. If Plaintiffs
7 based this representation solely on the skip trace report they ordered, they must be
8 prepared to describe their understanding of how a skip trace report is created, what it
9 shows, and how reliable it is.

10 (4) Plaintiffs should be prepared to address the factual basis for their representations that
11 Whiteside understood that the action was pending against her and did not "have the
12 slightest inclination of defending it" . . . was "not concerned with the summons, the
13 case, or a defense thereto." The court is aware of Plaintiffs' arguments that Whiteside
14 understood the action was pending against her because she was served with the
15 superseded complaint and that she appeared at her deposition and read the allegations
16 made against her in the operative cmplaint. What else led Plaintiffs' counsel to state,
17 under oath, that Whiteside did not "have the slightest inclination of defending" this
18 lawsuit?

19 (5) Plaintiffs also should address why they made these representations on personal
20 knowledge instead of on information and belief.

21 (6) Both Plaintiffs' counsel and Whiteside shall be prepared to describe their conversations
22 relating to the case. Whiteside should attempt to locate phone records or
23 contemporaneous notes documenting the alleged phone conversations with Plaintiffs'
24 prior and current counsel.

25
26
27
28

1  Plaintiffs shall file a declaration addressing these issues no later than December 17, 2013.
2  Whiteside shall file a responsive declaration no later than December 31, 2013.
3  **IT IS SO ORDERED**.

Dated: November 22, 2013

_____
NANDOR J. VADAS
United States Magistrate Judge